NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite a memorandum decision in a brief or at oral argument should review Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| KALINDI MCALPINE, ) | |
| ) | Supreme Court No. S-15353 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-05-04946 CI |
| v. ) | |
| ) | MEMORANDUM OPINION |
| SHAUN PACARRO, ) | AND JUDGMENT* |
| ) | |
| Appellee. ) | No. 1520 – October 8, 2014 |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Kalindi McAlpine, pro se, Alachua, Florida, Appellant. Herbert A. Viergutz, Law Office of Herbert A. Viergutz, P.C., Anchorage, for Appellee.

Before: Fabe, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Stowers, Justice, not participating.]

1.      This matter returns to us after our remand in *McAlpine v. Pacarro* (*McAlpine I*).[1]  As we directed, the superior court conducted an evidentiary hearing on Kalindi McAlpine's motion to modify the existing child custody order.  The superior court then denied McAlpine's custody modification motion and later denied McAlpine's motion for reconsideration.  McAlpine appeals from those orders.

---

\*       Entered under Alaska Appellate Rule 214.

[1]      262 P.3d 622 (Alaska 2011).

2.     Our primary concern in *McAlpine I* was that in prior custody modification proceedings McAlpine may not have had a full and fair opportunity to litigate her claims that Shaun Pacarro had a history of domestic violence precluding him from being awarded custody.[2]  On remand the superior court ordered McAlpine to identify each and every alleged instance of domestic violence and gave notice that both parties would have an opportunity to present evidence on the alleged domestic violence and the best interests of the children.  The parties presented their evidence over five days in October to December 2012.  The superior court issued its decision in June 2013.

3.     The superior court made specific credibility findings that inform our consideration of McAlpine's appeal.[3]  The court found that McAlpine "exaggerated [] carelessly or simply made facts up" causing it "to limit the weight it [could] place on any of her testimony."   The court found that one of McAlpine's witnesses presented "a difficult story to believe" and that McAlpine's mother, who testified on McAlpine's behalf, was "biased in favor of her daughter."  The court found that both McAlpine and her mother "showed no ability to remain objective" and that they reported anything negative about Pacarro while they ignored concerns other family members mistreated the children.  The court found Pacarro credible, stating that it had "no basis to disbelieve [his] testimony."

4.     With respect to McAlpine's domestic violence allegations, the

---

[2]     *Id.* at 625-27.

[3]     *See Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005) ("We give 'particular deference' to the trial court's factual findings when they are based primarily on oral testimony, because the trial court, not this court, performs the function of judging the credibility of witnesses and weighing conflicting evidence." (quoting *In re Adoption of A.F.M.*, 15 P.3d 258, 262 (Alaska 2001))); *see also Co v. Matson*, 313 P.3d 521, 527 (Alaska 2013) (noting when fact findings are based on testimony credibility determinations it is "inappropriate" to substitute our judgment for superior court's).

superior court found that there was one instance of domestic violence by Pacarro.[4]  The court found that there had been a second incident in which McAlpine sought and obtained a domestic violence restraining order, but that there had been no testimony taken by the magistrate and Pacarro had not opposed the order.[5]  After hearing the parties testify about the incident, the court found that Pacarro had not engaged in domestic violence.[6]  The court also found that McAlpine had not proved her other 30-plus domestic violence allegations.  The court therefore determined that Pacarro did not have a "history" of domestic violence and that the statutory presumption barring parents with a history of domestic violence from having custody of children did not apply.[7]  McAlpine argues that the court improperly weighed the evidence and made erroneous factual determinations, and that its rulings are incorrect.  But having reviewed the record in light of the superior court's credibility findings, we conclude that the court's findings of fact are not clearly erroneous and that its legal analysis is correct.

---

[4]     We discussed this incident in *McAlpine I*.  262 P.3d at 623.

[5]     We noted this restraining order in *McAlpine I* when raising our concern that there may have been multiple instances of domestic violence that should be taken into account in the custody modification proceedings.  *Id.* at 624.

[6]     McAlpine argues that in *McAlpine I* we held, based on this incident, that there had been two instances, and therefore a history.  But the most that can be made of our comment in *McAlpine I* is that the 1999 and 2004 incidents were facially sufficient to require an evidentiary hearing on McAlpine's custody modification motion.  *See id.* at 627.

[7]     AS 25.24.150(g) states:  "There is a rebuttable presumption that a parent who has a history of perpetrating domestic violence against the other parent, a child, or a domestic living partner may not be awarded sole legal custody, sole physical custody, joint legal custody, or joint physical custody of a child."  A history of domestic violence is defined as either more than one instance of violence or a single instance resulting in serious physical injury. AS 25.24.150(h).

5.    We also have reviewed the superior court's best interests analysis.[8] McAlpine alleges that the superior court relied on inaccurate testimony, "distorted the evidence, [and] abused its discretion," and that its factual findings are erroneous. But,

---

[8]    AS 25.24.150(c) requires courts to consider the best interests of the children by applying the following factors:

> (1) the physical, emotional, mental, religious, and social needs of the child;
>
> (2) the capability and desire of each parent to meet these needs;
>
> (3) the child's preference if the child is of sufficient age and capacity to form a preference;
>
> (4) the love and affection existing between the child and each parent;
>
> (5) the length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;
>
> (6) the willingness and ability of each parent to facilitate and encourage a close and continuing relationship between the other parent and the child, except that the court may not consider this willingness and ability if one parent shows that the other parent has sexually assaulted or engaged in domestic violence against the parent or a child, and that a continuing relationship with the other parent will endanger the health or safety of either the parent or the child;
>
> (7) any evidence of domestic violence, child abuse, or child neglect in the proposed custodial household or a history of violence between the parents;
>
> (8) evidence that substance abuse by either parent or other members of the household directly affects the emotional or physical well-being of the child;
>
> (9) other factors that the court considers pertinent.

again, we have reviewed the record in light of the superior court's underlying credibility findings and conclude that its factual findings are not clearly erroneous, its legal analysis is correct, and it did not abuse its discretion in determining that Pacarro having sole legal and primary physical custody is in the best interests of the children.

6.      McAlpine requests that this court eliminate her child support obligations dating back to 2009.  The superior court correctly held that retroactive modifications are prohibited by Alaska Civil Rule 90.3(h)(2) and properly denied her request.  We also deny this request.

7.      McAlpine requests that Judge Aarseth be removed from any future involvement with this case based on her view that he is biased.  McAlpine first argues that Judge Aarseth tampered with the recording of the hearing to remove testimony that was unfavorable to Pacarro.  But there is no objective evidence that the audio recording or the log notes have been edited, nor is it clear that tampering with a recording would be possible.  McAlpine also argues that the June 2013 order was issued on the last possible day and that the court "did not provide a signed order until 40 days after the deadline."  But the record indicates that a copy of the June 5 order was mailed to McAlpine on June 6, 2013.  There is no evidence that the order was late, or that even if it were late it would evidence bias.  We decline to remove Judge Aarseth from future proceedings.

8.      The remainder of McAlpine's briefing concerns matters related neither to the superior court's June 2013 custody decision nor to the later denial of McAlpine's reconsideration motion.[9]  We do not address those issues.

---

[9]      McAlpine asks us to eliminate a 2010 travel cost award to Pacarro.  We discussed this cost award in an August 2012 unpublished order, and remanded the issue to the superior court for a redetermination of the travel cost award.  At oral argument in

(continued...)

9.      The superior court's June 2013 custody order is AFFIRMED.

---

[9]      (...continued)
this appeal, the parties agreed that (1) after the custody decision underlying this appeal, the superior court did conduct further proceedings and entered a new travel cost award against McAlpine and (2) McAlpine did not appeal that order to us. McAlpine asks us to seal the June 2013 superior court order, but that would properly be accomplished by filing a motion in the superior court requesting that the order be sealed under AS 25.20.120. McAlpine also raises issues relating to an August 19, 2013 emergency motion to modify custody denied by the superior court, but issues relating to that motion and decision are not properly before us in this appeal.